COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-371-CR

 

 

NICKOLAS SHANE LANCASTER                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  INTRODUCTION








A jury convicted Appellant Nickolas Shane
Lancaster of driving while intoxicated (ADWI@), and
the trial court sentenced him to 120 days=
confinement, suspended for twenty-four months=
community supervision.  In two points,
Lancaster argues that the evidence is legally and factually insufficient to
support his conviction.  We will affirm.

                                          II.  BACKGROUND

On June 23, 2002, at approximately 8:00 p.m.,
Officer Ronny Desselles of the Fort Worth Police Department received a
broadcast about a vehicle alleged to have been involved in a potential Aroad
rage@
incident.  He later observed a vehicle
traveling at a high rate of speed that matched the description of the vehicle
identified in the broadcast.  Officer
Desselles saw the vehicle lock up all four of its wheels and skid just before it
entered a Wal-Mart parking lot and parked. 
Officer Desselles entered the parking lot, parked his vehicle, and made
contact with the driver of the vehicle, Lancaster.[2]








Officer Desselles asked Lancaster if anything was
wrong, if he was in a hurry, and if he needed help.  Lancaster replied that nothing was wrong,
that he was in a hurry, and that he did not need help.  Officer Desselles observed that Lancaster=s eyes
were heavy, bloodshot, and watery and that a strong smell of alcohol was coming
from his breath.  Officer Desselles
believed at this point that Lancaster could be intoxicated.  When Officer Desselles had Lancaster exit his
vehicle, Ait appeared that [Lancaster=s]
balance . . . swayed and [was] unsteady.@

Officer Desselles asked Lancaster to perform a
number of field sobriety tests, including the horizontal gaze nystagmus (AHGN@), the
walk-and-turn, and the one-leg stand tests. 
Officer Desselles observed more than four Aclues@
indicating impairment when Lancaster performed the HGN evaluation; both of
Lancaster=s eyes Ajerked,@ and he
had distinct nystagmus at maximum deviation in both eyes and nystagmus Aprior to
45 degrees.@ 
When Lancaster performed the walk-and-turn test, he did not touch his
heel to his toe on every step, he lost his balance when turning, he turned
incorrectly, he took an incorrect number of steps, and he did not count out
loud the steps that he took.  When
Lancaster performed the one-leg stand test, he swayed while he was balancing,
he put his foot down, and he counted only to fourteen, not thirty as he was
supposed to do.








Considering all of his observations, Officer
Desselles concluded that Lancaster had lost the normal use of his mental and
physical faculties, that alcohol consumption had caused his intoxication, and
that he was ADWI.@  Officer Desselles arrested Lancaster, and
Officer Kenneth Pierce arrived to take possession of Lancaster and transport
him to jail.  Officer Desselles released
Lancaster=s vehicle to his wife, who was
present when Officer Desselles first approached Lancaster in the Wal-Mart
parking lot.

Officer Pierce observed that Lancaster=s eyes
were red and bloodshot and that he had alcohol on his breath.  Officer Pierce could smell the alcohol on
Lancaster when he spoke in the patrol car. 
At jail, Lancaster admitted to Officer Pierce that he had been drinking,
that he drank three twelve-ounce cans of beer, that he was under the influence
of an alcoholic beverage, and that he drinks every day.  Lancaster also agreed to give a breath
specimen.  The first sample contained
.116 grams of alcohol per 210 liters of breath, and the second sample contained
.130 grams of alcohol per 210 liters of breath. 
Officer Pierce opined that Lancaster was intoxicated.

                                   III.  EVIDENTIARY SUFFICIENCY

A person commits DWI if Athe
person is intoxicated while operating a motor vehicle in a public place.@  Tex. Penal Code Ann. ' 49.04(a)
(Vernon 2003).  The penal code defines Aintoxicated@ as Anot
having the normal use of mental or physical faculties by reason of the
introduction of alcohol . . . into the body@ or Ahaving
an alcohol concentration of 0.08 or more.@  Id. ' 49.01(2).








A.     Legal Sufficiency[3]

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007). 
This standard gives full play to the responsibility of the trier of fact
to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778. 
The trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008).  Thus, when
performing a legal sufficiency review, we may not re-evaluate the weight and
credibility of the evidence and substitute our judgment for that of the
factfinder.  Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000).








The record contains evidence that Lancaster
exhibited multiple signs of intoxication, that he performed poorly on each of the
three field sobriety tests administered by Officer Desselles, and that he blew
breath tests containing at least .11 grams of alcohol per 210 liters of
breath.  Both Officer Desselles and
Officer Pierce opined that Lancaster was intoxicated.  The jury, as the sole judge of the weight and
credibility of the evidence, considered any conflicts in the testimony and
resolved them in favor of the State. 
Viewing all of the evidence in the light most favorable to the prosecution,
we hold that a rational trier of fact could have found beyond a reasonable
doubt that Lancaster committed DWI.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at
778.  Accordingly, the evidence is
legally sufficient to support Lancaster=s
conviction.  We overrule Lancaster=s first
point.

B.     Factual Sufficiency








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v.
State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129
S. Ct. 1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.

We may not simply substitute our judgment for the
factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, unless we conclude that it is necessary
to correct manifest injustice, we must give due deference to the factfinder=s
determinations, Aparticularly those determinations
concerning the weight and credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








Lancaster argues that the evidence is
insufficient to support his conviction because his wife testified that he was
not intoxicated at the time of his arrest. 
Under the factual sufficiency standard of review, however, we are
required to defer to the jury=s
determination of the weight to be given contradictory testimonial evidence of Lancaster=s
intoxication.  See Johnson, 23
S.W.3d at 8.  Thus, we give deference to
the jury=s
decision to believe Officer Desselles=s and
Officer Pierce=s testimony that Lancaster was
intoxicated.  See id. at 9.

Lancaster also argues that the evidence is
insufficient to support his conviction because Officer Desselles did not
correctly perform the field sobriety tests. 
To support this argument, the portion of the record that Lancaster
directs us to contains the testimony of Lancaster=s wife
that she did not see Officer Desselles perform the one-leg stand test or the
walk-and-turn test, that Officer Desselles did not perform any field sobriety
tests on her, that she felt like Officer Desselles had Abadgered@ her,
and that Lancaster works for a plumbing business.  None of her testimony relates to Officer
Desselles=s alleged incorrect
administration of any of the field sobriety tests, nor does Lancaster specify
which conduct of Officer Desselles demonstrates the allegedly incorrect
performance of the field sobriety tests. 
Lancaster=s argument is consequently
unconvincing.








Other evidence supports Lancaster=s
factual sufficiency argument.  Lancaster=s wife
testified that Lancaster did not skid his vehicle=s tires
when he pulled into Wal-Mart and that he worked with certain chemicals earlier
in the day.  And although Officer
Desselles observed multiple clues of impairment when Lancaster performed the
walk-and-turn test, Lancaster was able to keep his balance while listening to
instructions, he did not start performing the exercise before the instructions
were given, he did not step off of the line that he was required to walk, and
he did not use his arms to steady himself. 
While this evidence supports Lancaster=s
argument, the record also contains ample evidence of Lancaster=s
intoxication, including the multiple symptoms of intoxication that he
exhibited, his poor performance on the field-sobriety tests, and the results of
the breath tests indicating that he had at least .11 grams of alcohol per 210
liters of breath.  See Tex. Penal
Code Ann. ' 49.01(2) (defining Aintoxication@).

Viewing all the evidence in a neutral light,
favoring neither party, the evidence supporting the conviction is not so weak
that the jury=s determination is clearly wrong
and manifestly unjust, nor does the conflicting evidence so greatly outweigh
the evidence supporting the conviction that the jury=s
determination is manifestly unjust.  See
Lancon, 253 S.W.3d at 704; Watson, 204 S.W.3d at 414B15,
417.  Accordingly, we hold that the
evidence is factually sufficient to support Lancaster=s
conviction.  We overrule Lancaster=s second
point.








                                          IV.  CONCLUSION

 

Having overruled both of
Lancaster=s points, we affirm the trial
court=s
judgment.

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

DELIVERED:  May 14, 2009











[1]See Tex. R. App. P. 47.4.





[2]Officer Desselles did not
have his vehicle=s emergency lights or
siren activated, and he described the contact that he made with Lancaster as Aconsensual.@





[3]We address Lancaster=s factual sufficiency
issue separately.  See Laster v. State,
275 S.W.3d 512, 519 (Tex. Crim. App. 2009) (stating that appellate courts
should not combine legal and factual sufficiency analysis).